Karyn M. Taylor, Esq.
Nevada Bar No. 6142
Diana G. Dickinson, Esq.
Nevada Bar No. 13477
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113-4770
Telephone:     702.862.8800
Fax No.:       702.862.8811
Telephone:     702.348.4888
Fax No.:       702.786.0127
kmtaylor@littler.com
ddickinson@littler.com

Attorneys for Defendant
SOC LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PHILLIP FRYAR, | Case No. 2:24-cv-01607-GMN-MDC |
| Plaintiff, | |
| v. | **STIPULATION TO EXTEND DISCOVERY DEADLINES** |
| SOC, LLC, | |
| Defendant. | **(THIRD REQUEST)** |

    Pursuant to Local Rule IA 6-1 and Local Rule 26-3, Defendant SOC LLC ("Defendant") and Plaintiff Phillip Fryar ("Plaintiff") hereby stipulate to amend the Stipulated Discovery Plan and Scheduling Order (ECF No. 38) by extending the outstanding discovery deadlines for a period of ninety (90) days.

    This is the third request for an extension to the Stipulated Discovery Plan and Scheduling Order in this matter. This request is brought in good faith and not for purposes of undue delay. This request is submitted at least twenty-one (21) days or more before the expiration of the subject deadlines.

**I.    DISCOVERY COMPLETED**

    On January 21, 2025, the parties exchanged Initial Disclosures. On March 11, 2025,

4906-2464-1899

Defendant served First Supplemental Initial Disclosures. Plaintiff has identified 11 witnesses and has produced 590 pages of documents. Defendant has identified 3 witnesses and has produced 1,839 pages of documents.

On January 21, 2025, Defendant propounded discovery requests on Plaintiff in the form of Interrogatories and Requests for Production of Documents. On February 11, 2025, Defendant propounded a Second Set of Requests for Production of Documents. In total, Defendant has propounded 17 Interrogatories and 27 Requests for Production of Documents. On February 26, 2025, Plaintiff responded to the First Set of Interrogatories and Requests for Production of Documents. On March 13, 2025, Plaintiff responded to the Second Set of Requests for Production of Documents.

On January 23, 2025, Plaintiff propounded discovery requests on Defendant in the form of Interrogatories and Requests for Production. In total, Plaintiff has propounded 20 Interrogatories and 58 Requests for Production of Documents. On March 11, 2025, Defendant responded to the First Set of Interrogatories and Requests for Production of Documents.

On March 31, 2025, Defendant served a meet and confer letter on Plaintiff's Initial Disclosures, Responses to Defendant's First Set of Interrogatories and Responses to Defendant's First and Second Sets of Requests for Production. On April 4, 2025, Plaintiff served a meet and confer letter on Defendant's Responses to the First Set of Interrogatories and First Set of Requests for Production.

On April 4, 2025, Plaintiff served deposition notices for Luke Pearson, John Haskell, and SOC pursuant to FRCP 30(b)(6). Because the dates did not work for defense counsel, the parties agreed to confer on mutually agreeable dates. After conferring and identifying mutually agreeable dates, on May 15, 2025, Plaintiff re-scheduled the depositions to occur from June 10-12, 2025.

Plaintiff responded in writing to Defendant's deficiency letter on April 18, 2025. Defendant responded to Plaintiff's deficiency letter on April 25, 2025. On May 13, 2025, the parties participated in a meet and confer conference to discuss both deficiency letters.

Because the supplemental production of documents for both parties contained confidential information, Defendant sent Plaintiff a proposed draft stipulated protective order on May 20, 2025.

LITTLER MENDELSON, P.C.
ATTO RNEYS AT LAW
8474 ROZITA LEE AVENUE
SUITE 200
LAS VEGAS, NEVADA 89113.477
702.862.8800

2

4906-2464-1899

Between May 30th and July 21st, the parties circulated at least seven (7) drafts of the stipulated protective order and had one meet and confer call on the language of the draft stipulated protective order. On July 22, 2025, the parties reached an agreement and filed a proposed Stipulated Protective Order that was approved by the Court on July 28, 2025 (ECF No. 35).

While the parties were still discussing the language of the stipulated protective order that needed to be in place before a production of confidential materials could be made, Defendant's counsel proposed postponing the depositions of Luke Pearson and John Haskell. The parties agreed it would be more productive to review Defendant's supplemental confidential production before taking these depositions. The parties have agreed to re-schedule depositions to occur at a mutually agreeable time after the parties' supplemental productions.

On September 2, 2025, Defendant served its Second Supplemental Initial Disclosures, Privilege Log, and First Supplemental Responses to Plaintiff's Interrogatories and Requests for Production of Documents. On September 2, 2025, Plaintiff served his First Amended Initial Disclosures, Responses to the Request for Production of Documents, and Interrogatories.

On September 19, 2025, Defendant sent Plaintiff a meet and confer letter on Plaintiff's 46 proposed FRCP 30(b)(6) topics, each of which Defendant objected to.

On October 10, 2024, Defendant submitted a Freedom of Information Request ("FOIA Request") to the U.S. Equal Employment Opportunity Commission ("EEOC") and the EEOC responded that day. On October 14, 2024, Defendant submitted a FOIA Request to the Department of Energy for documents related to Plaintiff's temporary removal, reinstatement and/or permanent removal from the Human Reliability Program. On January 3, 2025, the Department of Energy denied Defendant's FOIA Request.

On April 29, 2025, Plaintiff submitted a FOIA request to the Department of Energy. This request is still pending.

On April 21, 2025, Defendant served a Notice of Subpoenas *Duces Tecum* on Plaintiff and served three subpoenas on Plaintiff's current and former employers.

On May 7, 2025, Plaintiff filed a Motion to Quash and for Protective Order, seeking to quash the three subpoenas served on Plaintiff's current and former employers. ECF No. 23. On

LITTLER MENDELSON, P.C.
ATTO RNEYS AT LAW
8474 ROZITA LEE AVENUE
SUITE 200
LAS VEGAS, NEVADA 89113.477
702.862.8800

3

4906-2464-1899

July 28, 2025, the Court denied Plaintiff's Motion to Quash and for Protective Order (ECF No. 23) without prejudice and directed the parties to meet-and-confer regarding Defendant's subpoenas and Plaintiff's Motion by no later than August 30, 2025. (ECF No. 36). The parties met and conferred on August 26th and 28th. On September 19, 2025, Plaintiff sent Defendant's a draft "Stipulation Regarding Discovery Dispute" for Defendant's review and for Defendant to input its position on the subpoenas.

**II.    DISCOVERY THAT REMAINS TO BE COMPLETED**

Defendant's counsel is meeting and conferring with Plaintiff's counsel concerning proposed Rule 30(b)(6) topics. Defendant would like to get documents related to the Human Reliability Program from the Department of Energy prior to taking Plaintiff's deposition. If not produced through discovery or recovered via a FOIA request submitted by Plaintiff, Defendant will evaluate obtaining the documents through other avenues, including but not limited to a subpoena. Defendant has requested a copy of the FOIA request submitted by Plaintiff and is waiting for Plaintiff to produce it.

On July 28, 2025, the Court denied ECF No. 23 (Plaintiff's Motion to Quash and for Protective Order) without prejudice and directed the parties to meet-and-confer regarding Defendant's subpoenas and Plaintiff's Motion by no later than August 30, 2025. ECF No. 36. The parties have since conferred by phone conference and are in the process of drafting a Stipulation Regarding Discovery Dispute pursuant to Judge Couvillier's Standing Order. The parties will need a ruling on the subpoena issue once the Stipulation Regarding Discovery Dispute is filed. Defendant wants to receive and review any subpoena responses from Plaintiff's former employers, which may also result in additional witness depositions.

At this time Plaintiff intends to take the depositions of Luke Pearson, John Haskell, and SOC pursuant to FRCP 30(b)(6), but Plaintiff may take additional depositions based upon further information that becomes available through discovery. Plaintiff may propound additional written discovery requests as depositions are completed in this case and depending upon new information discovered as the parties complete written discovery in this case. Defendant intends to conduct Plaintiff's deposition and the depositions of percipient witnesses. Defendant may conduct

LITTLER MENDELSON, P.C.
ATTO RNEYS AT LAW
8474 ROZITA LEE AVENUE
SUITE 200
LAS VEGAS, NEVADA 89113.477
702.862.8800

4

4906-2464-1899

additional written discovery following said depositions, and may issue additional subpoenas to third-parties based upon information learned in those depositions.

**III.   REASON FOR EXTENSION TO COMPLETE DISCOVERY**

This extension is necessary to allow the parties to complete written discovery and depositions. The parties believe that, absent any unforeseen circumstances, all necessary discovery can be accomplished by the requested extended deadline. Good cause exists to extend all deadlines in order to permit the parties to achieve their respective stated discovery goals and complete meet and confer efforts on discovery matters.

**IV.   PROPOSED REVISED DISCOVERY PLAN**

1. Discovery Cut-Off Deadline

The parties' current deadline for completing discovery is October 14, 2025. The parties request that the Court extend that deadline to January 12, 2026.

2. Dispositive Motions Deadline

The parties' current deadline for filing dispositive motions is November 10, 2025. The parties request that the Court extend that deadline to February 9, 2026.[1]

3. Joint Pretrial Order Deadline

The parties' current deadline for filing the Joint Pretrial Order is December 12, 2025. The parties request that the Court extend that deadline to March 12, 2026. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the Court enters a ruling on the dispositive motions or otherwise by further order of the Court.

4. Extensions or Modification of the Discovery Plan and Scheduling Order

In accordance with Local Rule 26-3, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made at least twenty-one (21) days prior to the expiration of the subject deadline.

Accordingly, the parties stipulate, subject to approval of this Court, to the following new proposed deadlines:

---

[1] Deadline lands on Sunday moved to Monday.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
8474 ROZITA LEE AVENUE
SUITE 200
LAS VEGAS, NEVADA 89113.4771
702.862.8800

5

4906-2464-1899

|  | Current Deadline | **Revised Deadline** |
|---|---|---|
| Discovery Cut-Off | October 14, 2025 | **January 12, 2026** |
| Dispositive Motions | November 10, 2025 | **February 9, 2026** |
| Joint Pretrial Order | December 12, 2025 | **March 12, 2026** |

The instant request is made in good faith and not for the purpose of delay.

Dated: September 23, 2025

Respectfully submitted,

/s/ Madison R. Chilton
Jay D. Ellwanger, Esq.
Madison Chilton, Esq.
ELLWANGER HENDERSON LLLP

Richard Segerblom, Esq.
LAW OFFICE OF RICHARD SEGERBLOM, LTD.

Attorney for Plaintiff
PHILLIP FRYAR

Dated: September 23, 2025

Respectfully submitted,

/s/ Diana G. Dickinson
Karyn M. Taylor, Esq.
Diana G. Dickinson, Esq.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
SOC LLC

**ORDER**

IT IS SO ORDERED:

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: September 25, 2025

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
8474 ROZITA LEE AVENUE
SUITE 200
LAS VEGAS, NEVADA 89113.477
702.862.8800

6

4906-2464-1899