Karyn M. Taylor, Esq.
Nevada Bar No. 6142
Diana G. Dickinson, Esq.
Nevada Bar No. 13477
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113-4770
Telephone:  702.862.8800
Fax No.:    702.862.8811
Telephone:  702.348.4888
Fax No.:    702.786.0127
kmtaylor@littler.com
ddickinson@littler.com

Attorneys for Defendant
SOC LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PHILLIP FRYAR,<br><br>     Plaintiff,<br><br>v.<br><br>SOC, LLC,<br><br>     Defendant. | Case No. 2:24-cv-01607-GMN-MDC<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(FOURTH REQUEST)** |

Pursuant to Local Rule IA 6-1 and Local Rule 26-3, Defendant SOC LLC ("Defendant") and Plaintiff Phillip Fryar ("Plaintiff") hereby stipulate to amend the Stipulated Discovery Plan and Scheduling Order (ECF No. 40) by extending the outstanding discovery deadlines for a period of ninety (90) days.

This is the fourth request for an extension to the Stipulated Discovery Plan and Scheduling Order in this matter. This request is brought in good faith and not for purposes of undue delay. This request is submitted at least twenty-one (21) days or more before the expiration of the subject deadlines.[1]

---

[1] The parties originally filed a Stipulation to Extend Discovery Deadlines (Fourth Request) on December 22, 2025. ECF No. 41. On December 29, 2025, the Court denied without prejudice the Stipulation and directed the parties to include additional information. As such, this Stipulation is timely.

Error! Unknown document property name.

I. **DISCOVERY COMPLETED**

   A. **Disclosures and Supplements**

On January 21, 2025, the parties exchanged Initial Disclosures. On March 11, 2025, Defendant served First Supplemental Initial Disclosures.

On May 13, 2025, Plaintiff served supplemental documents as part of its Initial Disclosures.

On March 11, 2025, Defendant served its First Supplemental Initial Disclosures.

On September 2, 2025, Defendant served its Second Supplemental Initial Disclosures.

On September 2, 2025, Plaintiff served his First Amended Initial Disclosures.

To date, Plaintiff has identified 11 witnesses and has produced 590 pages of documents. Defendant has identified 3 witnesses and has produced 1,839 pages of documents.

   B. **Discovery Requests and Responses**

On January 21, 2025, Defendant propounded discovery requests on Plaintiff in the form of Interrogatories and Requests for Production of Documents. On February 11, 2025, Defendant propounded a Second Set of Requests for Production of Documents. In total, Defendant has propounded 17 Interrogatories and 27 Requests for Production of Documents. On February 26, 2025, Plaintiff responded to the First Set of Interrogatories and Requests for Production of Documents. On March 13, 2025, Plaintiff responded to the Second Set of Requests for Production of Documents.

On January 23, 2025, Plaintiff propounded discovery requests on Defendant in the form of Interrogatories and Requests for Production. In total, Plaintiff has propounded 20 Interrogatories and 58 Requests for Production of Documents. On March 11, 2025, Defendant responded to the First Set of Interrogatories and Requests for Production of Documents.

   C. **Meet and Confer Conferences on Discovery Responses**

On March 31, 2025, Defendant served a meet and confer letter on Plaintiff's Initial Disclosures, Responses to Defendant's First Set of Interrogatories and Responses to Defendant's First and Second Sets of Requests for Production. On April 4, 2025, Plaintiff served a meet and confer letter on Defendant's Responses to the First Set of Interrogatories and First Set of Requests for Production.

LITTLER
MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Las Vegas, NV 89113.4770
702.862.8800

2

Error! Unknown document property name.

Plaintiff responded in writing to Defendant's deficiency letter on April 18, 2025. Defendant responded to Plaintiff's deficiency letter on April 25, 2025. On May 13, 2025, the parties participated in a meet and confer conference to discuss both deficiency letters. In total, the parties discussed over 67 discovery responses during the meet and confer conferences.

On September 2, 2025, Defendant served its First Supplemental Responses to Plaintiff's Interrogatories and Requests for Production of Documents. On September 2, 2025, Plaintiff served his First Amended Responses to the Request for Production of Documents and First Amended Responses to the Interrogatories. The parties reviewed the supplemental discovery responses and determined no additional meet and confer was necessary.

### D.  Stipulated Protective Order

Because the supplemental production of documents for both parties contained confidential information, Defendant sent Plaintiff a proposed draft stipulated protective order on May 20, 2025. Between May 30th and July 21st, the parties circulated at least seven (7) drafts of the stipulated protective order and had one meet and confer call on the language of the draft stipulated protective order. On July 22, 2025, the parties reached an agreement and filed a proposed Stipulated Protective Order that was approved by the Court on July 28, 2025 (ECF No. 35).

### E.  Depositions

On April 4, 2025, Plaintiff served deposition notices for Luke Pearson, John Haskell, and SOC pursuant to FRCP 30(b)(6). Because the dates did not work for defense counsel, the parties agreed to confer on mutually agreeable dates. After conferring and identifying mutually agreeable dates, on May 15, 2025, Plaintiff re-scheduled the depositions to occur from June 10-12, 2025.

### F.  Meet and Confer Conference on 30(b)(6) Letter

On September 19, 2025, Defendant sent Plaintiff a meet and confer letter on Plaintiff's 46 proposed FRCP 30(b)(6) topics, each of which Defendant objected to. After a thorough analysis of the meet and confer letter on the deposition topics, Plaintiff's counsel has agreed to narrow and respond to many of Defendant's concerns. The parties are scheduled to have a meet and confer conference on the proposed FRCP 30(b)(6) topics on January 7, 2026. Should the parties not reach a resolution without judicial intervention, they will file a Stipulation Regarding Discovery Dispute

LITTLER
MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Las Vegas, NV 89113.4770
702.862.8800

3

Error! Unknown document property name.

pursuant to Judge Couvillier's Standing Order

### G.   FOIA Requests

On October 10, 2024, Defendant submitted a Freedom of Information Request ("FOIA Request") to the U.S. Equal Employment Opportunity Commission ("EEOC") and the EEOC responded that day.

On October 14, 2024, Defendant submitted a FOIA Request to the Department of Energy for documents related to Plaintiff's temporary removal, reinstatement and/or permanent removal from the Human Reliability Program.  On January 3, 2025, the Department of Energy denied Defendant's FOIA Request.  In its Second Set of Requests for Production, at Request for Production No. 27, Defendant requested that Plaintiff sign an authorization to release records sought by Defendant in its FOIA Request to the Department of Energy.  Plaintiff objected to Request for Production No. 27, did not sign the authorization, and instead responded that it would seek the requested information through Plaintiff's own FOIA request.

On April 29, 2025, Plaintiff submitted a FOIA request to the Department of Energy. On December 22, 2025, Plaintiff submitted a new FOIA Request to address the concerns with the Department of Energy's denial of Plaintiff's April 29, 2025 FOIA Request.

As discussed in more detail below, the documents related to Plaintiff's Human Reliability Program status are central to this litigation.  Because of the issues with obtaining these documents from the Department of Energy through a FOIA request, Plaintiff has agreed to not object to Defendant pursuing a subpoena to obtain these documents in the interest of time and expeditiously obtaining the documents that both sides have been trying to obtain.

### H.   Subpoena to Plaintiff's Former Employers

On April 21, 2025, Defendant served a Notice of Subpoenas *Duces Tecum* on Plaintiff and served three subpoenas on Plaintiff's current and former employers.

On May 7, 2025, Plaintiff filed a Motion to Quash and for Protective Order, seeking to quash the three subpoenas served on Plaintiff's current and former employers.  ECF No. 23.  On July 28, 2025, the Court denied Plaintiff's Motion to Quash and for Protective Order (ECF No. 23) without prejudice and directed the parties to meet-and-confer regarding Defendant's subpoenas and

LITTLER
MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Las Vegas, NV 89113.4770
702.862.8800

4

Error! Unknown document property name.

Case 2:24-cv-01607-GMN-MDC    Document 45    Filed 01/05/26    Page 5 of 8

Plaintiff's Motion by no later than August 30, 2025. (ECF No. 36). The parties met and conferred on August 26th and 28th. The parties sent redlines back and forth, and filed the Stipulation Regarding Discovery Dispute on December 31, 2025.

## II.   DISCOVERY THAT REMAINS TO BE COMPLETED

The parties agree that the documents related to Plaintiff's involvement in the Human Reliability Program ("HRP") are relevant to this litigation. At the time of Plaintiff's employment with Defendant, Defendant was contracted by the Department of Energy ("DOE") to provide resources at Nevada National Security Site ("NNSS"), formerly known as the Nevada Test Site. Due to the nature of the contract with DOE, specified positions at the NNSS are regulated by the DOE. Specifically, DOE has regulatory requirements for individuals working on nuclear facilities, called the HRP. *See* 10 C.F.R. Part 712, Human Reliability Program. The HRP is a security and safety reliability program designed to protect national security through a system of continuous evaluation of individuals working in positions affording unescorted access to certain materials, facilities and programs to ensure individuals assigned to nuclear explosive duties do not have emotional, mental or physical incapacities that could result in a threat to nuclear explosive safety. Because Defendant's contract ended at NNSS before the start of this litigation, Defendant does not have access to Plaintiff's HRP file, as this is maintained by the DOE.

A central issue in this litigation is Plaintiff's HRP status as Plaintiff alleges his random drug test rest was "well below SOC's 0.04 µg/l00ml limit for non-HRP employees." ECF No. 1 at ¶ 24. On December 2, 2021, Plaintiff's employment was terminated for failing the breathalyzer test. *Id.* at ¶ 26. Plaintiff claims he passed the test "even by the standard for employees with HRP clearance status, but unbeknownst to Plaintiff and despite his daily inquiries, Plaintiff's HRP clearance status had been restored a week prior." *Id.* at ¶ 26. Plaintiff alleges the breathalyzer test was pretext for firing him. *Id.* at ¶ 29. Defendant disputes these allegations.

Accordingly, both Defendant and Plaintiff have been actively trying to get the documents related to the HRP from the DOE throughout discovery. Because of the delays caused by the DOE's denial of both sides' FOIA Requests, Plaintiff agreed to not object to Defendant seeking these documents through a subpoena. Defendant is therefore preparing a subpoena to the DOE.

LITTLER
MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Las Vegas, NV 89113.4770
702.862.8800

5

Error! Unknown document property name.

Plaintiff had wanted to receive these HRP documents prior to taking depositions, but in the interest of time has asked to move forward with scheduling the depositions of Luke Pearson and John Haskell. The parties are also scheduled to discuss the Plaintiff's proposed Rule 30(b)(6) topics, which included 46 topics, on January 7, 2026.

The parties have filed the Stipulation Regarding Discovery Dispute are Defendant's subpoenas to Plaintiff's current and former employers. Defendant had already received the subpoena response from Switch, but due to the outstanding discovery dispute has not disclosed those documents through discovery. Defendant wants to receive and review any subpoena responses from Plaintiff's former employers, which may also result in additional witness depositions.

At this time Plaintiff intends to take the depositions of Luke Pearson, John Haskell, and SOC pursuant to FRCP 30(b)(6), but Plaintiff may take additional depositions based upon further information that becomes available through discovery. Plaintiff may propound additional written discovery requests as depositions are completed in this case and depending upon new information discovered as the parties complete written discovery in this case. Defendant intends to conduct Plaintiff's deposition and the depositions of percipient witnesses. Defendant is waiting to receive the HRP documents and a ruling on the subpoena issue before it can take Plaintiff's deposition. Defendant may conduct additional written discovery following said depositions, and may issue additional subpoenas to third-parties based upon information learned in those depositions.

### III. REASON FOR EXTENSION TO COMPLETE DISCOVERY

This extension is necessary to allow the parties to complete written discovery and depositions. Specifically, additional time is needed to obtain relevant documents from the DOE that both sides have so far been unsuccessful in obtaining through a FOIA Request despite their diligence. The parties have since agreed to try obtain these documents through a subpoena and may need to seek court intervention should the DOE not comply with the subpoena. Due to the highly relevant nature of these documents, the parties were hoping to get them prior to taking depositions so as to avoid having to potentially recall any witnesses. Additional time is also needed for the parties to schedule and take depositions and receive a response on the Stipulation Regarding

LITTLER
MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Las Vegas, NV 89113.4770
702.862.8800

6

Error! Unknown document property name.

the Discovery Dispute. The parties believe that, absent any unforeseen circumstances, all necessary discovery can be accomplished by the requested extended deadline. Good cause exists to extend all deadlines in order to permit the parties to achieve their respective stated discovery goals and complete meet and confer efforts on discovery matters.

### IV. PROPOSED REVISED DISCOVERY PLAN

1.  <u>Discovery Cut-Off Deadline</u>

The parties' current deadline for completing discovery is January 12, 2026. The parties request that the Court extend that deadline to <u>April 13, 2026</u>[2].

2.  <u>Dispositive Motions Deadline</u>

The parties' current deadline for filing dispositive motions is February 9, 2026. The parties request that the Court extend that deadline to <u>May 11, 2026.</u>[3]

3.  <u>Joint Pretrial Order Deadline</u>

The parties' current deadline for filing the Joint Pretrial Order is March 12, 2026. The parties request that the Court extend that deadline to <u>June 10, 2026</u>. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the Court enters a ruling on the dispositive motions or otherwise by further order of the Court.

4.  <u>Extensions or Modification of the Discovery Plan and Scheduling Order</u>

In accordance with Local Rule 26-3, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made at least twenty-one (21) days prior to the expiration of the subject deadline.

Accordingly, the parties stipulate, subject to approval of this Court, to the following new proposed deadlines:

|  | Current Deadline | **Revised Deadline** |
|---|---|---|
| Discovery Cut-Off | January 12, 2026 | **April 13, 2026** |
| Dispositive Motions | February 9, 2026 | **May 11, 2026** |

---

[2] Deadline lands on Sunday moved to Monday.
[3] Deadline lands on Saturday moved to Monday.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Las Vegas, NV 89113.4770
702.862.8800

7

Error! Unknown document property name.

| Joint Pretrial Order | March 12, 2026 | **June 10, 2026** |
|---|---|---|

The instant request is made in good faith and not for the purpose of delay.

Dated: December 31, 2025                                Dated: December 31, 2025

Respectfully submitted,                                 Respectfully submitted,

*/s/ Madison Chilton*                                   */s/ Diana G. Dickinson*
Jay D. Ellwanger, Esq.                                  Karyn M. Taylor, Esq.
Madison Chilton, Esq.                                   Diana G. Dickinson, Esq.
ELLWANGER HENDERSON LLLP                                LITTLER MENDELSON, P.C.

Richard Segerblom, Esq.                                 Attorneys for Defendant
LAW OFFICE OF RICHARD                                   SOC LLC
SEGERBLOM, LTD.

Attorney for Plaintiff
PHILLIP FRYAR

**ORDER**

**IT IS SO ORDERED:**

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED:   January 5, 2026

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Las Vegas, NV 89113.4770
702.862.8800

8

Error! Unknown document property name.